IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

| | |
|---|---|
| COMMUNITY HOME FINANCIAL SERVICES, INC., et al. | PLAINTIFFS |
| v. | CIVIL ACTION NO. 3:12-cv-252-CWR-LRA |
| EDWARDS FAMILY PARTNERSHIP, LLP, et al. | DEFENDANTS |

## MEMORANDUM OPINION AND ORDER

Before the Court is Counter Plaintiffs Edwards Family Partnership, LLP and Behar Holding Trust's motion to sever claims against Counter Co-Defendant William D. Dickson ("Dickson"), establish a scheduling order, and provide other appropriate relief. Docket No. 97. The motion is GRANTED.

### I. Factual and Procedural History

The counter plaintiffs move to sever their claims against Dickson from their claims against Counter Co-Defendant Community Home Financial Services, Inc. ("CHFS")—the company where Dickson is president, secretary, and director, and for which he serves as guarantor of two promissory notes that were executed for the benefit of the counter plaintiffs. This cause was previously before the Court on the counter plaintiffs' motion to appoint receiver. The Court held a hearing on that motion on May 16 and 21, 2012, wherein the Court indicated that it was inclined to grant some relief to the counter plaintiffs. But on May 23, prior to the start of the next day's hearing, CHFS filed for Chapter 11 Bankruptcy in the United States Bankruptcy Court for the Southern District of Mississippi, and this action was automatically stayed pursuant to 11 U.S.C. § 362.

The counter plaintiffs now seek to separately pursue their claims against Dickson, who did not file for bankruptcy. Both CHFS and Dickson oppose the motion. They argue that the

motion should be denied because (1) severing the claims would deprive both Dickson and CHFS of the protections of the automatic stay; (2) the claims that the counter plaintiffs seek to sever are pending in the CHFS Bankruptcy proceeding; and (3) Mississippi law bars the counter plaintiffs from suing Dickson individually, since Dickson and CHFS allege that he was only secondarily liable. This Court has jurisdiction and is prepared to rule.

## II. Standard of Review

Federal Rule of Civil Procedure 21 provides that the Court "may sever any claim against a party." Fed. R. Civ. P. 21. Once severed, the claim "proceeds as a discrete, independent action, and a court may render a final, appealable judgment in either one of the resulting two actions notwithstanding the continued existence of unresolved claims in the other." *United States v. O'Neil*, 709 F.2d 361, 368 (5th Cir. 1983).

Although severance is permitted by the federal rules, the decision to do so remains with the district courts, which "have considerable discretion to deny joinder" and effectively sever parties' claims. *Acevedo v. Allsup's Conv. Stores, Inc.*, 600 F.3d 516, 522 (5th Cir. 2010). Factors considered may include "the interest of avoiding prejudice and delay, ensuring judicial economy, or safeguarding principles of fundamental fairness," *id.* at 521 (citations omitted), and whether "different witnesses and documentary proof would be required for plaintiffs' claims," *id.* at 522.

## III. Law and Analysis

**A. Section 362 Automatic Stay**

The Bankruptcy Code's automatic stay provision is found in section 362; it provides:

**(a)** Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title, or an application filed under section 5(a)(3) of the Securities Investor Protection Act of 1970, operates as a stay, applicable to all entities, of--

> **(1)** the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title.

11 U.S.C. § 362(a)(1). The automatic stay provision does not apply "to actions not directed against the debtor or property of the debtor." *In re TXNB Internal Case*, 483 F.3d 292, 301 (5th Cir. 2007) (citing *Arnold v. Garlock, Inc.*, 278 F.3d 426, 436 (5th Cir. 2001)).

Although non-debtors are not protected by the automatic stay, the Fifth Circuit instructs that in certain instances:

> *A bankruptcy court* may invoke § 362 to stay proceedings against nonbankrupt co-defendants where 'there is such identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant and that a judgment against the third-party defendant will in effect be a judgment or finding against the debtor.'

*Reliant Energy Services, Inc. v. Enron Canada Corp.*, 349 F.3d 816, 825 (5th Cir. 2003) (quoting *A.H. Robins Co., Inc. v. Piccinin*, 788 F.2d 994, 999 (4th Cir.1986)) (emphasis added); *see also Arnold*, 278 F.3d at 436. This exception recognizes that, "beyond the automatic stay provisions of section 362(a)(1) . . . *the bankruptcy court* may affirmatively stay proceedings pursuant to its broad discretionary powers embodied in 11 U.S.C. § 105." *In re S.I. Acquisition, Inc.*, 817 F.2d 1142, 1146 n.3 (5th Cir. 1987) (citations omitted) (emphasis added). "The party seeking the section 105 stay bears the burden of requesting it and of persuasion on the merits." *Id.*

Dickson is a non-debtor. He, therefore, is not protected by the automatic stay. The Fifth Circuit has repeatedly held that section 362 does not automatically apply to non-debtors. *E.g.*, *In re TXNB*, 483 F.3d at 301; *Reliant Energy*, 349 F.3d at 825; *In re S.I. Acquisition*, 817 F.2d at 1147-48. Instead, the Bankruptcy Court must affirmatively extend section 362 protections before proceedings against non-debtors are stayed. *See Everitt v. Pneumo Abex, LLC*, 703 F. Supp. 2d

630, 637-38 (S.D. Miss. 2009), *rev'd on other grounds sub nom. Everitt v. Pneumo Abex, L.L.C.*, 411 F. App'x 726 (5th Cir. 2011) ("[T]he automatic stay provided by section 362 does not apply automatically to stay actions against non-debtors. Instead, the debtor must obtain a stay order from the bankruptcy court, and *until it does, the action against the non-debtor may proceed*.") (citations omitted) (emphasis in original).

The counter defendants have made no attempt whatsoever to show that they obtained an order from the Bankruptcy Court extending the protections of section 362 to Dickson. Instead, they assume that section 362 automatically stays any proceedings against Dickson, even though he is a non-debtor, because of his formal corporate relationship to CHFS, and because a judgment against Dickson may ultimately affect the bankruptcy estate. Although the counter defendants have made some arguments that would go to the merits of a request to extend section 362 protections to a non-debtor, these arguments are immaterial in the absence of any evidence that they have complied with the Fifth Circuit's instructions and obtained an order from the Bankruptcy Court. In the absence of evidence that the Bankruptcy Court has entered an order extending section 362 protections to Dickson, the Court must find that proceedings against Dickson have not been stayed and are therefore subject to severance.

**B. Federal Rule of Civil Procedure 21 Severance**

Because proceedings against Dickson are not stayed, the Court considers whether the counter plaintiffs have shown that severance is merited under Federal Rule of Civil Procedure 21. In making this determination, the Court considers whether severance would cause the parties to suffer undue prejudice; whether it would serve the interest of judicial economy; and whether it would best serve the equities in this case, by avoiding undue delay and protecting fundamental fairness. *Acevedo*, 600 F.3d at 521-22.

A key consideration is whether severance would cause any party to suffer undue prejudice. The counter defendants argue that severance would cause CHFS to suffer prejudice because it would deprive CHFS of the opportunity to protect its interest in Dickson's rights and obligations before this Court. This argument, however, fails to demonstrate undue prejudice because the claims against Dickson may proceed separately under Mississippi law. Despite CHFS's bankruptcy, the counter plaintiffs may bring an action to enforce Dickson's personal guaranty of CHFS's promissory notes. *See W. Point Corp. v. New N. Miss. Fed. Sav. & Loan Ass'n*, 506 So. 2d 241 (Miss. 1986) (finding guarantors of a promissory note personally liable pursuant to their assumption agreement). Similarly, other courts find that a guarantor is not harmed by defending an action based on a guaranty agreement, where the action does not bind the debtor, *In re Metal Ctr., Inc.*, 31 B.R. 458, 463 (Bankr. D. Conn. 1983), and where the guarantor could pursue an action against the debtor independently, if the debtor was not liable on the underlying contract, *E.I. Du Pont De Nemours & Co. v. Fine Arts Reprod. Co., Inc.*, No. 93 CIV. 2462, 1995 WL 312505, *3 (S.D.N.Y. May 22, 1995). Accordingly, the Court finds that severance would not cause the parties undue prejudice.

The counter defendants also argue that severance would not serve judicial economy because it would create piecemeal litigation and could subject the parties to inconsistent rulings. Notwithstanding these assertions, it appears that severance will have a minimal effect on judicial economy because the counter plaintiffs' claims against Dickson are not stayed, and could go forward if they filed a new lawsuit.

Finally, the Court considers the equities, especially as they relate to matters of undue delay and fundamental fairness. Here, CHFS's initiation of bankruptcy proceedings should not cause the counter plaintiffs further delay in obtaining the relief that they seek. Thus, severance

would serve the equities by permitting the counter plaintiffs to pursue what they bargained for—"that is, an unconditional guarantee of payment that gives it the right to seek payment from [Dickson] without first having to sue [CHFS]." *E.I. Du Pont*, 1995 WL 312505, at *5.

**C. State Law Issues**

Finally, the counter defendants claim that severance is barred by Mississippi Code § 75-13-3, which provides:

> An action shall not be maintained on a bill of exchange or promissory note which has been indorsed against any one secondarily liable thereon, without joining in the action all persons residing in this state who are liable before such person on the bill or note.

Miss. Code. Ann. § 75-13-3 (West 2012).

The statute is inapplicable. The guaranty agreement provides that Dickson, as guarantor, is "primar[ily] and direct[ly]" liable, and that his obligations pursuant to that agreement would accrue "independent of the obligations" of CHFS. Docket No. 98-3 ¶¶ 3 & 8. Therefore, the counter plaintiffs' claims against Dickson are not barred under Mississippi law.

### IV. Conclusion

For these reasons, the counter plaintiffs' motion is GRANTED. The Court hereby severs the counter claims against Dickson from the main case, pursuant to Federal Rule of Civil Procedure 21. Only the counter claims against Dickson shall advance; proceedings against CHFS remain subject to the bankruptcy stay. Within ten days of the entry of this order, counsel for the parties are ordered to contact the Magistrate Judge's chambers to set a Case Management Conference regarding the counter claims, and to pursue any other appropriate relief.

**SO ORDERED**, this 29th day of March, 2013.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE